(153 App. Div. 176.)

### PEOPLE v. UNTERMYER.

(Supreme Court, Appellate Division, First Department.  November 22, 1912.)

MUNICIPAL CORPORATIONS (§ 703*)—REGULATION OF MOTOR VEHICLES—EX-
CESSIVE SPEED—STATUTORY PROVISIONS—APPLICABILITY TO CITIES OF THE
FIRST CLASS.

    Motor Vehicle Law (Laws 1910, c. 374, art. 11), § 287, regulates the
speed of motor vehicles on public highways.  Section 288 provides that
the act shall not impair the validity of any ordinances of a city of the
first class, and provides for posting signs at city limits, where the rate of
speed changes,  Held, as the act expressly provides that nothing therein
shall impair the validity of any ordinance, etc., adopted "in any city
of the first class," the further provisions which would seem to make it
necessary for such a city to post signs, etc., must be construed to be
mere awkward phrasing and the provision of exemption to be exclusive,
so that the speed of vehicles in the city of New York is regulated by city
ordinance rather than the statute.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
§§ 1509–1513; Dec. Dig. § 703.*]

Appeal from Court of General Sessions, New York County.

Irwin Untermyer was convicted of exceeding the speed limit, and
appeals.  Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Irwin Untermyer, of New York City, in pro. per.

Charles S. Whitman, Dist. Atty., of New York City (Stanley L.
Richter, of New York City, of counsel), for the People.

CLARKE, J.  The appellant was convicted of a violation of section
454, c. 12, of the Code of Ordinances of the city of New York, which
provides as follows:

"Speed of Vehicles. The following rates of speed through the streets of
the city shall not be exceeded; that is: Eight miles an hour by bicycles, tri-
cycles, velocipedes and motor vehicles, however propelled, or by passenger
and other vehicles drawn by horses or other animals, except' that in portions
of the city not built up, where the buildings are at least 100 feet apart, a
speed of fifteen miles an hour may be maintained."

The evidence is undisputed that the defendant operated an automo-
bile along Broadway,. between 124th and 121st streets, at a greater
rate of speed than 8 miles an hour, to wit, 30 miles per hour.

The question submitted is whether the ordinance quoted is in force.
This requires consideration of the provisions of the Highway Law
in connection with the ordinances.  In People ex rel. Hainer v. Keeper
of the Prison, 121 App. Div. 645, 106 N. Y. Supp. 314, affirmed 190
N. Y. 315, 83 N. E. 44, this court had under consideration the Motor
Vehicle Law (chapter 538 of the Laws of 1904), in connection with
the city ordinances adopted on November 18, 1906.  In that case the
relator had been arrested and held for trial at the Court of Special
Sessions for a violation of subdivision 1 of section 3 of chapter 538
of the Laws of 1904.  He sued out a writ of habeas corpus, upon
the ground that the said law did not apply to the city in view of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ordinances adopted. We held that the ordinance was ineffective, and that the law did apply, because the act permitted local authorities to thereafter pass ordinances, rules, and regulations in regard to the speed of motor vehicles on public highways under three express conditions: First, that such ordinances should fix the same speed limitations for all other vehicles; third, that such ordinances should fix the penalties for violation thereof similar to and no greater than those fixed by such local authorities for violations of the speed regulations for such other vehicles than motor vehicles; and, secondly:

"On further condition that such city or village shall also have placed conspicuously on each main public highway where the city or village line crosses the same, * * * signs of sufficient size to be easily readable by a person using the highway, bearing the words, * * * 'Slow down to ——— miles' (the rate being inserted). * * *"

That as there was no evidence that this condition had been complied with, and as the operation of the ordinance by the provisions of the act was dependent upon the performance of each condition, the failure to perform the condition as to the posting of the signs was fatal. Accordingly we decided that the relator was properly held for trial under the law, and the writ was dismissed.

Thereafter the Legislature amended the Highway Law by chapter 374 of the Laws of 1910; art. 11 thereof being entitled "Motor Vehicles." Section 280 provides:

"Except as herein otherwise expressly provided, this article shall be exclusively controlling: 1. Upon the registration, numbering and regulation of motor vehicles, and the licensing and the regulating of chauffeurs; 2. On their use of the public highways, and 3. On the accessories used upon motor vehicles and their incidents and the speed of motor vehicles upon the public highway; 4. On the punishment for the violation of any of the provisions of this article."

Section 287:

"Speed Permitted. Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided, that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

Section 288:

"Local Ordinances Prohibited. Except as herein otherwise provided, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner or chauffeur to whom this article is applicable any tax, * * * or in any other way respecting motor vehicles or their speed upon or use of the public highways; and no ordinance, rule or regulation contrary to or in anywise inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any effect; * * * and provided, further, that nothing in this article contained shall impair the validity or effect of any ordinances, regulating the speed of motor vehicles, or of any traffic regulations with regard to the operation of motor vehicles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class; provided, further, that the local authorities of other cities and incorporated villages may limit by ordinances, rule or regulation the speed of motor vehicles on the public highways, such speed limitation not to be in any case less than one mile in four minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent, and on further condition that each city or village

shall have placed conspicuously on each main public highway where the city or village line crosses the same, and on every main highway where the rate of speed changes, signs of sufficient size to be easily readable by a person using the highway, bearing the words, 'City of ———' or 'Incorporated Village of ———,' 'Slow down to ——— miles' (the rate being inserted), and also an arrow pointing in the direction where the speed is to be reduced or changed, and also on further condition that such ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in subdivision two of section two hundred and ninety of this chapter, but, except in cities of the first class, shall not exceed the same. Official copies of all local ordinances passed under the provisions of this subdivision shall be filed with the secretary of state at least thirty days before they shall respectively take effect and all such local ordinances shall be printed in pamphlet form and issued at regular intervals by the secretary of state."

Section 290:

"Punishment for Violation; Procedure. * * * 2. The violation of any of the provisions of section two hundred and eighty-seven of this article [that is, the general speed provision that a rate of speed in excess of 30 miles shall be presumptive evidence of a rate of speed which is not careful and prudent] shall constitute a misdemeanor punishable by a fine not exceeding one hundred dollars. * * * 6. Upon a third or subsequent conviction of a chauffeur for a violation of the provisions of section two hundred and eighty-seven, or an ordinance, rule or regulation regulating speed of motor vehicles under section two hundred and eighty-eight, the secretary of state, upon the recommendation of the trial court, shall forthwith revoke the license of the person so convicted and no new license shall be issued to such person for at least six months after the conviction of such person nor thereafter except at the discretion of the secretary of state."

The point raised here is that, as it is not shown that signs were posted—in fact, it is conceded they were not—the local ordinance does not apply, the magistrate had no jurisdiction, and the speed limit is therefore covered by section 287; that is, roughly speaking, 30 miles an hour. The answer is that the act expressly provides that nothing in this article shall impair the validity or effect of any ordinances, etc., adopted and prescribed pursuant to law *in any city of the first class*.

The appellant claims that, notwithstanding said provision, the grammatical construction of the section compels the condition in regard to the posting of signs, still required in other cities and incorporated villages, to be also applied to cities of the first class. I do not think so. The statute is awkwardly phrased; but I think it clear that special provision has been made for cities of the first class, permitting them to pass such ordinances as they please, and that there is no condition in regard to posting signs. If this is not so, there is no speed limit in the city of New York, except that provided by the general law. I think the act was modified directly in view of the former decisions. It was recognized that in the enormous territory of the city of New York the posting of signs would be extremely difficult, if not practically impossible; and therefore the provision eliminating cities of the first class from the limitations of the law in respect to traffic ordinances was made comprehensive and exclusive.

It follows that the judgment appealed from should be affirmed. All concur.