SANBORN CO., RESPONDENT, *v.* POWERS, APPELLANT.

(No. 4,150.)

(Submitted May 29, 1920.   Decided June 25, 1920.)

[190 Pac. 990.]

*Partnership—Evidence—Sufficiency—Withdrawal of Evidence from Jury—Curing Error—Settlement of Instructions—Appeal.*

Partnership—Evidence—Withdrawal from Jury—Curing Error.
   1.   Where in an action against alleged copartners, the answering defendant denied the partnership, error in admitting testimony of the reputation of the defendants as copartners on the statement of counsel for plaintiff that he would bring knowledge of the alleged reputation home to the answering defendant, which condition remained unfulfilled, was cured by striking the testimony from the record with an admonition to the jury not to consider it in arriving at their verdict.

Instructions—Failure to Object at Settlement—Appeal.
   2.   Unless an objection is interposed to an instruction at the time the instructions are settled, error cannot be predicated on the action of the court in giving it.

Partnership—Evidence—Sufficiency.
   3.   Evidence examined and *held* sufficient to establish a partnership within the meaning of sections 5466 and 5467, Revised Codes.

Appeal and Error—Conflict in Evidence—Judgment Conclusive.
   4.   Where a substantial conflict exists in the evidence, the supreme court on appeal will not reverse the judgment attacked on the ground of insufficiency of the evidence to sustain it.

*Appeal from District Court, Gallatin County; Ben B. Law, Judge.*

ACTION by the Sanborn Company against G. R. Powers and another, copartners as Powers & Black.   From a judgment for plaintiff, and an order denying a new trial, the named defendant appeals.   Affirmed.

*Mr. W. S. Stephenson* and *Mr. Geo. Y. Patten,* for Appellant, submitted a brief; *Mr. Patten* argued the cause orally.

The cases of *Beasley* v. *Berry,* 33 Mont. 477, 84 Pac. 791, *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960, *Flathead County State Bank* v. *Ingham,* 51 Mont. 438, 153 Pac. 1005, *Hanrahan* v. *Freeman,* 35 Mont. 584, 90 Pac. 793, and *St. Paul Ma-*

*chinery Mfg. Co.* v. *Bruce,* 54 Mont. 549, 172 Pac. 330, establish the following principles as the law of Montana relating to actual partnerships: An actual partnership can only be formed by the consent of the parties, and with the intent on their part, either express or implied, to form a partnership; the mere sharing of profits does not establish such relation; to constitute an actual partnership, each partner must, as an indispensable element, assume toward the other the interchangeable relation of principal and agent; and there must be such a community of interest as empowers each partner to make contracts, incur liability, and dispose of the property. The testimony in this case fails to meet any of these tests.

The testimony fails to show that Powers held Black out as a partner, and that on the faith of such a representation the plaintiff gave credit to Black. Actual partnership and ostensible partnership are entirely separate and distinct, and proof of one is not proof of the other. Section 5491 of the Revised Codes of Montana provides: "Anyone, permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, and who on the faith thereof give credit to the partnership." This is the section of the Codes under which liability must attach to Powers in this case on the theory of ostensible partnership, if he is to be charged with liability at all. This statute is merely a statutory declaration of the doctrine of estoppel *in pais* as applied to partnership. (*Thompson* v. *First Nat. Bank,* 111 U. S. 529, 28 L. Ed. 57, 4 Sup. Ct. Rep. 689 [see, also, Rose's U. S. Notes]; *Nofsinger* v. *Goldman,* 122 Cal. 609, 614, 55 Pac. 425.)

Under the very terms of the statute, as in all cases of estoppel, it is indispensably necessary that the person who extended the credit be shown to have relied on the representation. (30 Cyc. 394; *In re McDonald's Estate,* 167 Iowa, 582, 149 N. W. 897.) Moreover, "acts done or knowledge acquired subsequent to the transaction out of which the estoppel is claimed to arise can have no bearing on the question. The

representations or conduct relied on to raise the estoppel must
have been concurrent with or anterior to the action which they
are alleged to have influenced." (16 Cyc. 741.)

*Mr. E. A. Peterson* and *Mr. C. E. Carlson,* for Respondent,
submitted a brief; *Mr. J. A. Walsh,* of Counsel, and *Mr. Carl-
son* argued the cause orally.

While some courts still cling to the rule that a sharing of
profits establishes a partnership, the weight of modern author-
ity seems to be that the sharing of profits is evidence of the
partnership. (*Cudahy Packing Co.* v. *Hibou,* 92 Miss. 234, 18
L. R. A. (n. s.) 975, note p. 992, 46 South. 73; 20 R. C. L.
285; *Parchen* v. *Anderson,* 5 Mont. 438, 51 Am. Rep. 65, 5
Pac. 588.) It has also been held that a sharing of profits raises
a presumption of partnership. (30 Cyc. 369.) The conclu-
sion to be reached, at least so far as our own court is con-
cerned, is that the sharing of profits is evidence that a part-
nership has been formed. (*Beasley* v. *Berry,* 33 Mont. 477, 84
Pac. 791.)

There is a distinction between a partnership *inter sese* and
a partnership where the rights of creditors are concerned. It
has been repeatedly held by the courts that where the rights
of third parties are concerned, the construction of the agree-
ment is the determining factor as to whether or not a partner-
ship existed, regardless of the intention of the parties. In-
deed, it has been held that an agreement was a partnership
agreement, even though it contained a stipulation that the
parties were not to be partners, or that they were not to be
liable for the debts of each other, and that he who invests
money in another's business, bargains for a share of its profits,
claims an interest in it, and participates in its management,
makes himself a partner in it notwithstanding he stipulates
that his associate shall alone be responsible for its debts.
(*Roberts* v. *C. W. Adams & Son Co.,* 33 Ky. Law Rep. 207,
110 S. W. 314; *Beecher* v. *Bush,* 45 Mich. 188, 40 Am. Rep.
465, 7 N. W. 785; *McDonald* v. *Campbell,* 96 Minn. 87, 104

N. W. 760.) In this respect, we invite the attention of the court to the citations found in the note in 18 L. R. A. (n. s.) 986.

If two persons agree to engage in the prosecution of a lawful business, each to furnish part of the capital stock and his services, and both to share in the profits and losses, they become partners. (*Kingsbury* v. *Tharp*, 61 Mich. 216, 28 N. W. 74.) He who participates in the management and control of a business while receiving a part of its profits is generally assumed to be a partner. (*Johnson Bros.* v. *Carter & Co.*, 120 Iowa, 355, 94 N. W. 850.) "While the burden of proving a partnership rests upon a plaintiff, who sues defendants as partners, the partnership relation or liability being denied by any of defendants, he is not bound to do more than make out a *prima facie* case against them. The burden is then cast upon them of showing that there is no partnership and that they have not held themselves out as partners." (30 Cyc. 403.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff brought this action on an open account for goods, wares and merchandise alleged to have been sold and delivered to the defendants as copartners. Defendant Black failed to enter his appearance, and his default was duly entered. Powers answered, denying generally all the allegations of the complaint. On the trial he did not dispute the correctness of the account, but contended that no partnership agreement existed between himself and Black, and that Black alone was liable to plaintiff. The jury found in favor of plaintiff. From the judgment on the verdict, and an order denying his motion for a new trial, this appeal is prosecuted.

The first eight assignments of error are predicated on the admission of evidence of the reputation of Powers and Black as copartners in the community in which they operated as wheat growers; the remaining assignments, on the alleged in-

sufficiency of the evidence to establish an actual partnership. [1] It is contended that the admission of the evidence of reputation constituted a material variance from the allegations of the existence of an actual partnership.

1. While this might, be true, the testimony objected to was admitted only provisionally on the statement of counsel that he would bring knowledge of the alleged reputation home to Powers. It was later admitted that this had not been done, and all of the evidence was by the court stricken from the record, and the court thereupon orally admonished the jurors not to consider such evidence in any way in arriving at their verdict, explaining to them the reason for striking it from the record. It is conceded that, under the general rule, this was sufficient to take the matter from the jury, but counsel contends that an exception is recognized "where the testimony so permeates the record that its exclusion cannot be said to fairly remove the impression which must have been created by it," citing 38 Cyc. 1443. The exception noted in Cyc., however, is: "Where the evidence is so *impressive* that, in the opinion of the appellate court, its effect is not removed from the minds of the jury by its subsequent withdrawal, or by an instruction of the court to disregard it."

The testimony consists mainly of impressions, evidently gained largely from the conduct of Black alone; it was admitted only on the assurance of counsel that it would be connected up, and the court at the outset, in overruling counsel's objections, stated: "He [Powers] might be held out as a partner without his knowledge, no matter what the reputation is there; if Mr. Powers had no knowledge of it, he is not bound by it; it must be connected with some act or knowledge of his." The jurors are presumed to be reasonable men, and, hearing the evidence complained of with this declaration of the court in mind, followed, at the close of the testimony, by the order of the court striking the entire matter from the record, must have clearly understood that they were not to consider the evidence in any manner in arriving at their verdict.

We are therefore of the opinion that the action of the court comes within the general rule stated, and not within the exception thereto.

Some complaint is made that the court instructed the jury [2] on the subject of ostensible partnerships, but no objection was interposed on the settlement of the instructions, and no error is, nor could be, predicated on this ground. (Rev. Codes, sec. 6746; *Stokes* v. *Long,* 52 Mont. 470, 159 Pac. 28; *Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673; *Forquer* v. *North,* 42 Mont. 272, 112 Pac. 439.)

2. Appellant contends that the evidence is insufficient to [3] warrant a verdict requiring a determination that an actual partnership existed.

Black, called as a witness for the plaintiff, testified in effect that, in the year 1915, he leased a certain section 9 from Powers; that Powers had control of the adjoining sections 15 and 21, belonging to one Wilson; that Powers suggested that they borrow the money necessary to crop these sections, from Wilson, Black to do the work and Powers to pay one-half of the value thereof, and they each to pay one-half of the expense for supplies, seed, labor, *etc.;* that they give Wilson, for the use of the land, one-fifth of the crop; and that they then divide the profits or share equally in the losses. He further testified that they mutually agreed to the arrangement, gave their joint note to Wilson, and deposited the proceeds in the name of Powers, and thereafter he (Black) paid the running expenses by checks on this account, signed "G. R. Powers, by J. W. Black." He further testified that when the wheat was threshed he hauled it to the elevator, and by the direction of Powers deposited it in the name of "Powers and Black," and thereafter it was taken out and disposed of by Powers. While Powers held a mortgage on Black's interest in the grain, he did not follow the procedure for foreclosing a mortgage, but disposed of the grain as partnership property, and Black testified that the mortgage was given solely at the suggestion of

Powers, to protect Black's interest from seizure by his creditors.

One Brandley testified that he sold two binders to Powers on an open account for use in harvesting the grain, and that, at the time, Powers told the witness that he and Black were partners, but that he wanted to get rid of Black.

Plaintiff's credit man related a conversation over the telephone, in which he advised Powers that Black was purchasing goods of plaintiff; that they were charged to "Powers and Black"; he stated, "I asked him if it was all right, and he said it was all right." The witness further testified that, after the account sued on was due and payable, he requested payment from Powers, who raised no objection to the bill, but stated that he would take it up with Black, and that Powers made no objection to payment until after the account was placed in the hands of an attorney.

While the evidence canvassed above is not entirely satisfactory, it is sufficient, if believed, to establish a partnership in this jurisdiction. It tends to establish "the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them" (Rev. Codes, sec. 5466), "by the consent of all the parties thereto" (sec. 5467); a "partnership business, the funds for investment partnership funds, the property purchased partnership property; and the profits if any, partnership profits" (*Beasley* v. *Berry,* 33 Mont. 477, 84 Pac. 791). There was "such a community of interest as empowers each party to make contracts, incur liabilities, and dispose of the property." (*Weiss* v. *Hamilton,* 40 Mont. 99, 105 Pac. 74.) It was a business venture for profit. (*Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.) It tends to establish "the interchangeable relation of principal and agent, which is indispensably necessary to constitute a copartnership" (*Parchen* v. *Anderson,* 5 Mont. 438, 51 Am. Rep. 65, 5 Pac. 588), and that there was an agreement not only to share profits, if any, but losses as well.

True, Powers denied each of the statements made; but it was for the jury to determine which version they would ac[4] cept, and the rule that, where there is a substantial conflict in the evidence, the supreme court, on appeal, will not reverse the judgment of the trial court on the ground of alleged insufficiency of the evidence is too well settled in this state to require the citation of authorities.

The judgment and order of the district court are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.