HUMBER, RESPONDENT, v. MARSHALL, APPELLANT.

(No. 4,344.)

(Submitted April 14, 1921. Decided June 6, 1921.)

[198 Pac. 747.]

*Contracts—Sales—Special Damages—Loss of Business—Pleading—Appeal and Error — Instructions — Settlement—Objections Reviewable.*

Appeal and Error—Settlement of Instructions—Objections Reviewable.
 1.  In its review of an alleged erroneous instruction, the supreme court is limited under section 6746, Revised Codes, to the particular objection to it urged upon the trial court at the time the instructions were settled.

Contracts of Sale — Breach — Counterclaims — Loss of Business — Special Damages—Pleading.
 2.  In an action to recover the purchase price of brick, in a counterclaim to which defendant averred under a general allegation that he had been damaged in a certain amount by plaintiff's failure to deliver the entire number of merchantable brick contracted for, by reason of which he was delayed in his building operations, the expense incurred in replacing defective brick was not recoverable in the absence of an allegation specially pleading such item of damage.

Same—Measure of Damages—Instructions—Refusal, When Proper.
 3.  Where the court had properly instructed the jury that defendant was not entitled to recover any damages on his counterclaim, it, as properly, refused an instruction defining the measure of his damages in that behalf.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by Fred M. Humber against John W. Marshall. Judgment for plaintiff, and defendant appeals from the judgment and from an order refusing a new trial. Affirmed.

*Mr. Percy Napton,* for Appellant, submitted a brief; *Mr. C. B. Nolan,* of Counsel, argued the cause orally.

*Messrs. Frank & Gaines,* for Respondent, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff brought this action to recover $753.75, alleged to be due as a balance of the purchase price of brick sold and delivered by plaintiff to defendant, and to foreclose a materialman's lien.

The answer denies all the allegations of the complaint and sets forth that defendant purchased from plaintiff 240,000 brick under an express warranty that they should be sound and merchantable, that 94,000 of the brick tendered were unsound and unfit for use, and that defendant refused to accept the same and notified plaintiff. As a counterclaim defendant alleges that he was compelled to pay demurrage in the sum of $48 upon the 94,000 brick, and that by reason of plaintiff's failure to deliver the entire 240,000 merchantable brick he was prevented "from carrying out his business as a contractor and builder and delayed the construction and building of buildings under construction on or about the said thirteenth day of April, 1917, to defendant's damage in the sum of $1,000." Upon the affirmative allegations issues were raised by reply.

At the instance of plaintiff, the court gave instruction No. 3, directing the jury that defendant had failed to prove his counterclaim and that he could not recover any damages. The court refused to give defendant's requested instruction No. 1, defining the measure of his damages.

From a judgment in favor of plaintiff and from an order refusing a new trial, defendant appealed, and in his brief assigned eleven errors, but upon the hearing in this court his counsel expressly waived all of them except the specification that the court erred in its rulings upon the two instructions above.

The record discloses that at the settlement of instructions counsel for defendant objected to instruction No. 3 given "for the reason that the testimony in the case shows that because of the breach of the contract upon the part of the plaintiff the

defendant was compelled to and did replace a certain number of brick, to-wit, 25,000, which 25,000, from the evidence, was the brick of the plaintiff, and the testimony shows said brick was inferior and not in keeping with the agreement entered into between the plaintiff and the defendant relative to the brick, and that the defendant replaced said brick by other brick, to his damage in the sum of $7.50 per thousand.''

Section 6746, Revised Codes, which governs the settlement of instructions in civil cases and which defines the authority of the appellate court in its review of questions arising upon instructions given, provides, among other things: ''On such settlement of the instructions the respective counsel, or the parties, shall specify and state the particular ground on which the instruction is objected or excepted to, and it shall not be sufficient in stating the ground of such objection or exception to state generally that the instruction does not state the law, or is against law, but such ground of objection or exception shall specify particularly wherein the instruction is insufficient or does not state the law, or what particular clause therein is objected to. * * * And no cause shall be reversed by the supreme court for any error in instructions, which was not specifically pointed out and excepted to at the settlement of the instructions as herein specified, and such error and exception incorporated in and settled in the bill of exceptions or statement of the case as herein provided.'' This statute is too plain to require construction. It limits this court in its review to the particular objections urged upon the trial court at the time the instructions are settled and is conclusive against the right of defendant to question the correctness of the court's ruling in giving instruction No. 3. (*Poor* v. *Madison River Power Co.*, 41 Mont. 236, 108 Pac. 645; *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673; *Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890; *Sanborn Co.* v. *Powers,* 58 Mont. 214, 190 Pac. 990.) Instruction No. 3 refers only to defendant's counterclaim, which is predicated upon the delay caused [2] by plaintiff's alleged breach of warranty, and not upon

the additional expense incurred by defendant. The fact, if it be a fact, that defendant was compelled to purchase other brick to replace defective brick delivered by plaintiff, was not pertinent to any issue raised by the pleadings. The only item of special damages pleaded was the $48 paid for demurrage. The expense incurred in replacing defective brick could not have been recovered under the allegation of general damages contained in the counterclaim (*O'Brien* v. *Quinn*, 35 Mont. 441, 90 Pac. 166), and the court was fully justified in disregarding the objection interposed.

The court having instructed the jury that defendant was **[3]** not entitled to recover any damages, it would have erred grievously by giving defendant's instruction No. 1, defining the measure of his damages. The two instructions could not be reconciled upon any possible theory, and therefore it is unnecessary to discuss the merits or demerits of the instruction tendered. Furthermore, the record sustains the trial court in giving instruction No. 3, for there is not any evidence to prove the counterclaim pleaded.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.