CAREY, RESPONDENT, v. GUEST, APPELLANT.

(No. 6,075.)

(Submitted February 14, 1927. Decided March 5, 1927.)

[258 Pac. 236.]

*Personal Injuries—Automobiles—Cities and Towns—Regulation of Motor Traffic—Statutes and Ordinances—Conflicting Provisions—Ordinances Controlling—Streets—Duty of Drivers — Rights of Pedestrians — Evidence — Admissions — Contributory Negligence — Appeal — Presumptions — Judicial Notice.*

Appeal—Insufficiency of Evidence—When Supreme Court will not Interfere.
1. The supreme court will not reverse a judgment on the ground of insufficiency of the evidence where there is substantial evidence to support it, nor when there is a substantial conflict in the evidence.

Same—Judgment Presumed Correct.
2. On appeal the presumption obtains that the judgment (in a personal injury case) is correct and, in aid of that presumption, every legitimate inference will be drawn from the evidence.

Personal Injuries—Automobiles—Admissions of Negligence by Defendant—Competent Evidence.
3. Statements and admissions made by defendant contrary to his interest, in an action to recover damages for personal injuries sustained in an automobile accident on a city street, soon after the occurrence, to the effect that he was to blame, was going at a rate of eighteen or twenty miles an hour, *etc., held* relevant, competent and material evidence, and not open to the objection that they constitute the weakest kind of testimony, the privilege of denying having made them being open to him at the trial.

Directed Verdicts—When Proper—What Deemed Proved on Motion for Directed Verdict.
4. It is only where the evidence is undisputed or susceptible of but one conclusion by reasonable men that the district court is authorized to take a case from the jury and direct a verdict on motion of defendant, and on such motion every fact will be deemed proved which the evidence offered by plaintiff tends to prove.

1. See 2 R. C. L. 194.
4. See 26 R. C. L. 1068.

[78 Mont. 415.]

Personal Injuries—Contributory Negligence a Matter of Defense—Con-
flict in Evidence—Jury Question.
    5. Contributory negligence is a matter of defense, to be estab-
lished by a preponderance of the evidence; if the evidence on such
issue is in substantial conflict the question must be resolved by
the jury.

Same — Automobiles — Pedestrian Crossing Street Between Crossings—
Proper Instruction.
    6. *Held,* in an action for personal injuries sustained in an auto-
mobile accident on a city street in which it appeared that plain-
tiff was struck while attempting to cross a business street between
crossings, that the court erred in refusing defendant's offered in-
struction to the effect that greater caution is required of a pedes-
trian where he crosses between crossings than at crossings, and
that automobilists must be more cautious at crossings than between
crossings, although ordinary caution must be observed by drivers
and pedestrians at and between crossings, such instruction having
been in harmony with the law declared by subdivision 1 of sec-
tion 1743, Revised Codes of 1921, and applicable to the conditions
presented.

Judicial Notice—City Ordinances.
    7. Courts cannot take judicial notice of city ordinances.

Personal Injuries — Automobiles — Speed Limit in Cities—Statutes and
City Ordinances—Conflict—Pleading and Proof.
    8. Where plaintiff in an action against the driver of an automo-
bile based his complaint on the theory that defendant had vio-
lated the provision of statute restricting the speed of automobiles
to six miles an hour on business streets, defendant was properly
permitted to amend his answer by pleading an ordinance fixing the
speed limit at a different rate, and to introduce the section of
the ordinance in evidence.

Same — Streets — Right of Pedestrian to Cross at Any Place — Proper
Instruction.
    9. An instruction as to the right of a pedestrian to cross a city
street at any place should incorporate the statement that he has
such right provided, in so doing, he uses ordinary caution under
the conditions as they exist.

Same—Cities and Towns—Regulation of Motor Traffic—Conflict Be-
tween Statutes and Ordinances—Ordinances Controlling.
    10. Where a city or town has, in pursuance of section 1742, Re-
vised Codes of 1921, delegating the power to cities and towns by
ordinance to regulate the speed of automobiles upon the streets within
corporate limits, enacted an ordinance on the subject, it has the
force of statute, and in case of conflict between it and the state
statute, the ordinance controls so long as the legislative delegation
of authority remains unrepealed; otherwise the statute controls.

Same—Automobiles—Duty of Driver in Passing Standing Street-car.
    11. Under the rule last above, *held,* that as between the statute
(sec. 1743, Rev. Codes 1921) providing that motor vehicles shall
not pass a standing street-car at a less distance than eight feet
nor at a speed greater than six miles an hour, and a city ordinance
providing that on business streets automobiles must not be driven
faster than twelve miles an hour and that when passing a stand-
ing street-car on the side on which passengers are discharged and

---

    5. See 20 R. C. L. 182.

[78 Mont. 415.]

received, they must stop, the ordinance was controlling, and under it defendant was not required to stop when driving on the opposite side of the standing street-car nor to clear it by a space of eight feet.

---

[1]   Appeal and Error, 4 C. J., sec. 2834, p. 853, n. 59; sec. 2836, p. 858, n. 3.  Motor Vehicles, 28 Cyc., p. 47, n. 20.
[2].  Appeal and Error, 4 C. J., sec. 2662, p. 731, n. 81; sec. 2738, p. 786, n. 31.
[3]   Evidence, 22 C. J., sec. 209, p. 231, n. 79; sec. 220, p. 236, n. 51; sec. 222, p. 237, n. 70; sec. 318, p. 291, n. 80, 81; sec. 507, p. 424, n. 20, 22; p. 426, n. 34.
[4]   Trial, 38 Cyc., p. 1534, n. 34; p. 1565, n. 84; p. 1567, n. 97; p. 1586, n. 8.
[5]   Motor Vehicles, 28 Cyc., p. 37, n. 20; p. 49, n. 47, 49.  Negligence, 29 Cyc., p. 507, n. 47; p. 626, n. 26; p. 640, n. 13.
[6].  Appeal and Error, 4 C. J., sec. 3032, p. 1050, n. 85.  Motor Vehicles, 28 Cyc., p. 34, n. 84.  Trial, 38 Cyc., p. 1703, n. 75; p. 1704, n. 76.
[7, 8]  Evidence, 23 C. J., sec. 1961, p. 138, n. 79.  Motor Vehicles, 28 Cyc., p. 47, n. 20.  Municipal Corporations, 28 Cyc., p. 393, n. 41.
[9]   Municipal Corporations, 28 Cyc., p. 914, n. 23, 24.
[10]  Motor Vehicles, 28 Cyc., p. 35, n. 8.  Municipal Corporations, 28 Cyc., p. 702, n. 19 New.
[11].  Motor Vehicles, 28 Cyc., p. 35, n. 8; p. 37, n. 19.  Municipal Corporations, 28 Cyc., p. 702, n. 19 New.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

ACTION by John L. Carey against C. L. Guest. Judgment for plaintiff and defendant appeals. Judgment reversed and a new trial ordered.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Appellant, submitted an original and a reply brief; *Mr. E. M. Hall* argued the cause orally.

There is no substantial evidence to sustain the verdict and judgment, which presents a question of law that can be determined on an appeal direct from the judgment. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871; *Merhar* v. *Powers,* 73 Mont. 451, 236 Pac. 1076.)

While evidence as to the speed of an automobile when only a few feet from and coming toward a person may be admissible in some cases, it is entitled to but little, if any, weight and is not sufficient to create a substantial conflict with direct and

positive evidence showing that the speed of such automobile was not in excess of twelve miles per hour. (*Wright* v. *Crane*, 142 Mich. 508, 106 N. W. 71; *Koch* v. *Lynch*, 247 Mass. 459, 141 N. E. 677; *Beecroft* v. *Great Northern Ry. Co.*, 134 Minn. 86, 158 N. W. 800; *Feyrer* v. *Durbow*, 172 Wis. 71, 178 N. W. 306; *Woolf* v. *Washington Ry. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997.)

One ground of negligence charged was failure to give any warning of the approach of the automobile. There is no statute or ordinance requiring the auto horn to be sounded at street intersections, or in passing street-cars at points between street intersections. It is only when an auto driver discovers someone in danger or evidently unaware of the approaching automobile that he is required to give such warning. (*McAvoy* v. *Kromer*, 277 Pa. 196, 120 Atl. 762.)

It is undisputed that plaintiff was not in sight until he took the one step out from behind the car and collided with the auto. The plaintiff claims he saw the automobile as soon as he took this step, so the blowing of the horn could do no good then, and failure to do so was not the proximate cause of the collision. (*Herzig* v. *Sandberg*, 54 Mont. 538, 172 Pac. 132; see, also, Barry on Automobiles, 5th ed., sec. 202; *Feyrer* v. *Durbrow*, 172 Wis. 71, 178 N. W. 306; *Pixler* v. *Clemens*, 195 Iowa, 529, 191 N. W. 375; *Bishard* v. *Englebeck*, 180 Iowa, 1132, 164 N. W. 203; *Anderson* v. *Voeltz*, (Mo.), 206 S. W. 584; *Clark* v. *General Motor Car Co.*, 177 Mo. App. 623, 160 S. W. 576.)

Another ground of negligence charged was failure to run, operate and manage said automobile so that defendant had "complete control" thereof. In answer to this contention we cite: *Feyrer* v. *Durbrow*, 172 Wis. 71, 178 N. W. 306; *Goff* v. *Clarksburg Dairy Co.*, 86 W. Va. 237, 103 S. E. 58; *Carruthers* v. *Campbell*, 195 Iowa, 390, 28 A. L. R. 949, 192 N. W. 138.

If we concede, for the sake of argument, that the plaintiff did stop and listen, as it was his duty to do, at a point immediately behind the street-car, where he could not see,

as testified to by him, he is still guilty of contributory negligence as a matter of law.

The mere stopping and listening where listening would not be effective is not sufficient. There is no room for argument, or for reasonable men to disagree, that listening for automobile horns at a point directly behind a large streetcar, and forty-odd feet from a street crossing on a busy thoroughfare, or for the approach of automobiles with air-inflated tires, traveling on a slightly downgrade on a paved street, would not be effective. "Looking" is the important, necessary and effective precaution under such circumstances and is so recognized generally by the courts. The failure to look under such circumstances is contributory negligence, as a matter of law. (*Halzle* v. *Hargreaves,* 233 Mich. 234, 206 N. W. 356; *Williams* v. *Hample,* 62 Mont. 594, 205 Pac. 829; *Conrad* v. *Green* (N. J.), 94 Atl. 390; *Harder* v. *Matthews,* 67 Wash. 487, 121 Pac. 983; *Moss* v. *H. B. Boynton Co.,* 44 Cal. App. 474, 186 Pac. 631; *Crowder* v. *Williams,* 116 Kan. 241, 226 Pac. 744; *Sorsby* v. *Benninghoven,* 82 Or. 345, 161 Pac. 250; *Pierce* v. *Hosman,* 201 Ky. 278, 256 S. W. 397; *Todd* v. *Lewis,* 92 Wash. 213, 158 Pac. 1006; *Deets* v. *Tacoma Ry. & Power Co.,* 128 Wash. 210, 222 Pac. 480; *Baltimore Traction Co.* v. *Helms,* 84 Md. 515, 36 L. R. A. 215, 36 Atl. 119; *Reed* v. *Metropolitan St. Ry. Co.,* 180 N. Y. 315, 73 N. E. 41; *Doty* v. *Detroit Citizens etc. R. Co.,* 129 Mich. 464, 88 N. W. 1050; *Metropolitan Street Ry. Co.* v. *Ryan,* 69 Kan. 538, 77 Pac. 267; *Smith* v. *City Suburban Ry. Co.,* 29 Or. 539, 46 Pac. 136, 780; *Davis* v. *Saginaw etc. Ry. Co.,* 191 Mich. 131, 157 N. W. 390; *Laws* v. *Hammond etc. Ry. Co.* (Ind.), 128 N. E. 59; *Eagen* v. *Jersey City etc. Ry. Co.,* 74 N. J. L. 699, 12 Ann. Cas. 911, 11 L. R. A. (n. s.) 1058, 67 Atl. 24; *Morice* v. *Milwaukee Electric Ry. & L. Co.,* 129 Wis. 529, 109 N. W. 567.)

The evidence shows that plaintiff crossed the street at a point about forty-three feet north of the nearest side of

the closest street crossing. Under such circumstances a pedestrian is required to use greater vigilance and caution than would be required where he crosses at regular street crossings. The defendant was entitled to have the jury so instructed and offered instruction No. 3 was a proper instruction on this point. (*Arnold* v. *McKelvey*, 253 Pa. 324, 98 Atl. 559; *Livingstone* v. *Dole*, 184 Iowa, 1340, 167 N. W. 639; *Weaver* v. *Pickering*, 279 Pa. 214, 123 Atl. 777; *Hizam* v. *Blackman*, 103 Conn. 547, 131 Atl. 415.)

Where the legislature expressly delegates power and authority to the officers of a municipality to adopt and enforce regulations upon a certain subject within the municipality, and the officers thereof pursuant to such power and authority do adopt such rules and regulations, they, when adopted supersede and repeal any provision in a general state law inconsistent therewith. [See authorities cited in opinion on this point.]

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair*, for Respondent, submitted a brief; *Mr. Adair* argued the cause orally.

Section 1743, Revised Codes of 1921, and subdivision 4 thereof, prohibited the defendant from passing the street-car "at a less distance than eight feet." In passing the street-car at "about three feet" distance, the defendant violated that section. When the defendant saw that he did not have eight feet clearance, it was his duty to stop his automobile until the street-car had again started on its way. (*Horowitz* v. *Gottwalt* (N. J.), 102 Atl. 930; *Ramsay* v. *Volkening* (Mo. App.), 245 S. W. 212; *Ward* v. *Cathey* (Tex. Civ. App.), 210 S. W. 289; *Johnson* v. *Johnson*, 137 Minn. 198, 163 N. W. 160; *Wiedner* v. *Otter*, 171 Ky. 167, 188 S. W. 335.)

The street-car was stopped, receiving and discharging passengers, with its front end about even with the north

side of Grand Street, where same intersects Main Street. This presented an obstruction to the defendant's view ahead on Main Street, and prevented his seeing the plaintiff as the latter was crossing the street from the west to the east side thereof. In 3 Cal. Jur., section 99, at page 870, it is said: "Aside from the mandate of the statute requiring drivers of motor vehicles to operate them in a careful and prudent manner, and at a speed not greater than is reasonable and proper with regard to traffic, and not such as to endanger life, limb or property, the driver of a motor vehicle has been held bound to use reasonable care to anticipate the presence on the streets of other persons having equal rights there with himself." (See, also, Huddy on Automobiles, 5th ed., sec. 423; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 208 Pac. 125.)

Pedestrians may cross a street at any point. (*Raymond* v. *Hill,* 168 Cal. 473, 143 Pac. 743.) In *Gett* v. *Pacific Gas & El. Co.,* 192 Cal. 621, 221 Pac. 376, it is held that there is no rule of statute or ordinance which prohibits "jaywalking." In *Green* v. *Bohn,* 65 Mont. 399, 402, 211 Pac. 320, this court said: "A pedestrian and an automobilist have equal rights in the use of a public highway." (See, also, *McGregor* v. *Weinstein,* 70 Mont. 340, 343, 225 Pac. 615; 3 Cal. Jur., sec. 100, pp. 870, 871; Berry on Automobiles, 4th ed., sec. 327, pp. 323–327.)

Duty of automobilist to sound warning of his approach: (Berry on Automobiles, 4th ed., p. 305; Huddy on Automobiles, 5th ed., p. 544; *Gross* v. *Burnside,* 186 Cal. 467, 199 Pac. 780; *Olsen* v. *Standard Oil Co.,* 188 Cal. 20, 204 Pac. 393; *Gonzales* v. *Davis,* 197 Cal. 256, 240 Pac. 16; *Johnson* v. *Johnson,* 137 Minn. 198, 163 N. W. 160; *Wiedner* v. *Otter,* 171 Ky. 167, 188 S. W. 335.)

Law as to excessive speed: In 3 Cal. Jur., section 75, at pages 844, 845, it is said: "Driving an automobile at a rate of speed greater than that fixed by statute is of itself

negligence. Exceeding the speed limit is of itself actionable negligence if it causes injury, and it is not merely evidence of negligence to be considered by the jury in connection with other evidence. While it is undoubtedly correct to say that such an act constitutes evidence of negligence, yet the rule in California is that it is conclusive evidence." (*Neary* v. *Northern Pac. Ry. Co.*, 41 Mont. 480, 110 Pac. 226; *Melville* v. *Butte-Balaklava Copper Co.*, 47 Mont. 1, 130 Pac. 441; *Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250; *Freisheimer* v. *Missoula Creamery Co.*, 64 Mont. 443, 210 Pac. 329; *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32, 15 A. L. R. 501, 179 Pac. 203; Huddy on Automobiles, 5th ed., secs. 441–444; *Carey* v. *Pacific Gas & Elec. Co.*, 75 Cal. App. 129, 242 Pac. 97; *Gross* v. *Burnside*, 186 Cal. 467, 199 Pac. 780.) In view of the fact that it was impossible for the defendant to get eight feet clearance in passing the street-car, it was his duty to have stopped his automobile until the street-car had again started on its way. Had he done this, he would have had his automobile under control, and the plaintiff would not have been injured. (*Horowitz* v. *Gottwalt* (N. J.), 102 Atl. 930; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 208 Pac. 125.)

Appellant contends that it was the plaintiff's duty, in crossing a street immediately behind the street-car, to look before stepping into a place of danger, and to so look at a point where looking would be effective. We cite in answer, Berry on Automobiles, 4th ed., pp. 315, 316, 411, 412; Huddy on Automobiles, 5th ed., pp. 574, 575, 581; *Metcalf* v. *Peerless Laundry & Dye Co.*, 215 Mich. 601, 184 N. W. 482; *Reaugh* v. *Cudahy Packing Co., supra.*

The contention of the appellant is, and the ruling of the trial court was, that the general traffic law of this state, expressed in subdivision 4 of section 1743, Revised Codes of 1921, was repealed by implication, so far as the city of Helena is concerned, because of the enactment of city Ordinance No. 1084, and particularly section 20 thereof.

The above contention and the above rulings are erroneous and not in accord with the authorities. (*State ex rel. Rocky Mt. etc. Tel. Co.* v. *Red Lodge*, 30 Mont. 338, 76 N. W. 758; *People* v. *Kirsch*, 67 Mich. 539, 35 N. W. 157; *City of Helena* v. *Helena Light & Ry. Co.*, 63 Mont. 108, 207 Pac. 337; *State ex rel. City of Butte* v. *Police Court*, 65 Mont. 94, 210 Pac. 1058; 3 Cal. Jur., pp. 790, 793, 794; 19 Cal. Jur., pp. 56, 57, 74; 18 *Id.* 833, 940, 941; *Ex parte Murphy*, 190 Cal. 286, 212 Pac. 30.)

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action brought to recover damages for personal injuries sustained by plaintiff and . alleged to have been caused by the plaintiff having been struck by an automobile, owned and operated by defendant.

Plaintiff alleges, among other things, that Main Street is a business street in the city of Helena, with Grand Street abutting on it; that a street-car track, on which street-cars are operated, extends, north and south, on Main Street, past the place where Grand Street abuts on Main, and that at that place there is a stopping place for street-cars; that, in the afternoon of October 5, 1925, while a street-car, headed south, was stopping there, discharging and receiving passengers, on its right-hand (the west) side, plaintiff started across Main Street, going from west to east, in the rear of the street-car, and, as he passed from behind the car and stepped beyond it, further into the street, defendant, driving his automobile and going north, on the east side of the street-car, without warning, ran against plaintiff and struck him and that plaintiff, without any fault on his part, was thereby knocked down and dragged some distance and injured. Plaintiff alleges that this was done unlawfully, negligently, recklessly and carelessly. The grounds of negligence, upon the part of defendant, alleged

in plaintiff's complaint are: (a) dangerous and unlawful rate of speed; (b) failure to give warning of the approach of the automobile; (c) passing the street-car at an unlawful distance; (d) failure to have the automobile under control; (e) failure to keep a proper lookout.

Defendant answered, denying the allegations of negligence, denying information sufficient to form a · belief as to plaintiff's alleged injuries and denying all liability. Defendant further pleaded contributory negligence on the part of plaintiff; and, further, a certain ordinance of the city of Helena. Plaintiff replied.

The case was tried with a jury. At the close of all of the evidence, counsel for defendant moved the court to direct a verdict for defendant. The motion was denied. The jury returned a verdict for plaintiff and judgment was rendered accordingly. Defendant appealed from the judgment and assigns seven specifications of error. Plaintiff makes a number of cross-assignments of error. In the main, we shall consider defendant's specifications of error in the order in which they are argued in defendant's brief.

Counsel for defendant first argue specification of error numbered 7,—that the court erred in rendering judgment for plaintiff. We begin with it.

The judgment is based on the verdict of the jury. [1] A judgment will not be disturbed when there is substantial evidence to support it. (*Tuttle* v. *Pacific Mutual Life Ins. Co.,* 58 Mont. 121, 190 Pac. 993.) When there is a substantial conflict in the evidence, the supreme court, on appeal, will not reverse the judgment on the ground of insufficiency of the evidence. (*Sanborn* v. *Powers,* 58 Mont. 214, 190 Pac. 990.)

Counsel for defendant contend there is no substantial evidence to sustain the judgment. That requires a careful perusal of the evidence. We have given it and we cannot agree with the contention of counsel. We think there is substantial evidence of negligence on the part of defend-

ant and that there is a substantial conflict in the evidence upon that issue. Of course, if there is a substantial conflict in the evidence, necessarily there is substantial evidence to support the judgment.

We are to presume that the judgment is correct and, in [2] aid of that presumption, "every legitimate inference will be drawn from the evidence." (*Security State Bank* v. *Soule,* 70 Mont. 300, 225 Pac. 127.)

There was much testimony of statements and admissions of defendant, contrary to his interest; statements and ad-[3] missions that he was wholly to blame, that it was all his fault, that he did not see plaintiff, that he was going at the rate of about eighteen or twenty miles an hour. These alone furnish sufficient evidence to sustain the judgment. True, defendant denied or qualified all of those statements and admissions but that only raised a question for the jury and the jury resolved it in favor of plaintiff.

Counsel for defendant contend the testimony of such statements and admissions is so inherently improbable that it should be rejected, as unworthy of consideration. We cannot assent to that contention. We think testimony of statements and admissions, against his interest, of a defendant in such an action as this, wholly relevant, competent and material and very proper evidence. If such a defendant, while the incident is fresh in his mind, says he is to blame, we can see nothing inherently improbable or unreasonable about it nor anything about it so absurd as to brand it as incredible or untrue. If the defendant may deny making the statements, that will present an issue for the jury and it is the province of the jury to decide it.

Counsel for defendant contend such testimony is the weakest kind of testimony and cite some decisions in support of the contention. Those decisions, however, refer to testimony as to statements, in his lifetime, of a deceased person, made in his favor or such as operate in favor of his representative, successor or beneficiary. Admissions of

a party to an action, contrary to his interest, when he is alive and can contradict them, are on an entirely different footing.

Aside from the testimony of the statements and admissions to which we have referred, there is other evidence tending to prove that, at the time of the occurrence, defendant was driving at a speed of more than twelve miles an hour; that, after striking plaintiff, defendant's machine ran from fifteen to twenty feet, before stopping; that, at the time of the occurrence, he was not keeping a lookout for pedestrians; that, at the time, he was talking to a passenger; that he gave no warning, by sounding a horn or otherwise, of his approach. Of course, that is only one side of the case. There is no lack of evidence to the contrary but we cannot say the substantial evidence is all on one side.

We shall not go further into detail. Suffice to say we consider there is not only a substantial but a very decided conflict in the evidence.

Counsel for defendant next argue their specification numbered 6,—that the court erred in overruling defendant's motion for a directed verdict for defendant; and we take it up. [4]

"It is only where the evidence is undisputed or susceptible of but one conclusion by reasonable men that the court is authorized to take a case away from the jury and render judgment." (*Jepsen* v. *Gallatin Valley Ry. Co.*, 59 Mont. 125, 195 Pac. 550.)

"Every fact will be deemed to be proved which the evidence offered by plaintiff tends to prove." (*Koerner* v. *Northern Pacific Ry. Co.*, 56 Mont. 511, 186 Pac. 337.)

All we have said as to the first discussed specification of error applies here. In addition, the plea of contributory negligence more properly may be considered here. Of course, if defendant was negligent in any of the specified particulars, and, yet, if a preponderance of the evidence shows plaintiff to have been guilty of contributory [5]

negligence, he should not have prevailed. If there was a substantial conflict in the evidence, however, on that issue, it was a question of fact for the jury.

Contributory negligence is a matter of defense, to be established by a preponderance of the evidence. (*Neilson* v. *Missoula Creamery Co.,* 59 Mont. 270, 196 Pac. 357.) If the issue of contributory negligence is a fairly disputed question of fact, it must be resolved by a jury. (*Williams* v. *Hample,* 62 Mont. 594, 205 Pac. 829.)

We have said we consider there is a substantial conflict in the evidence as to alleged negligence of defendant. We are of the further opinion there is a substantial conflict of evidence as to contributory negligence. From all of the evidence, it might be inferred there was or was not contributory negligence. Therefore, it was a question for the jury.

In a personal injury damage action, we can scarcely conceive that the trial court should direct a verdict for the defendant, when there is testimony, even though denied, that the defendant had repeatedly said it was all his fault and he was wholly to blame. We hold the trial court did not err in refusing to direct a verdict for defendant.

Specifications of error numbered 1 and 2 relate to rulings of the court on admission or rejection of evidence. We see no error in the rulings. The statistical table offered and admitted, then stricken, we do not think was sufficiently authenticated or qualified nor was there laid a proper foundation for its admission, if it may be admissible at all. The evidence sought to be elicited from a policeman we do not consider competent.

The remaining specifications of error relate to giving or refusing to give offered instructions. We shall discuss but one, specification numbered 3.

Defendant's offered instruction numbered 3, in effect, [6] stated that a pedestrian has the right to cross a public street at any place but greater caution is required of him if he crosses between crossings prepared for pedestrians than

at such crossings, because greater caution is required of automobilists at crossings than between; that crossings are prepared especially for pedestrians and automobilists must bear this in mind and be more cautious at such crossings; that, for this reason, more caution is required of a pedestrian when crossing between than at crossings; that ordinary caution, though, must be observed by drivers and pedestrians both at and between crossings.

Counsel for plaintiff objected to the offered instruction on the grounds that it was incorrect, inapplicable and a comment on the testimony. The court sustained the objection and refused to give the instruction offered. In so doing, we think the court erred, to the prejudice of defendant. We think the refused instruction correctly states the law. For that, there is ample authority. (*Arnold* v. *McKelvey,* 253 Pa. 324, 98 Atl. 559; *Weaver* v. *Pickering,* 279 Pa. 214, 123 Atl. 777; *Hizam* v. *Blackman* (Conn.), 131 Atl. 415; *Livingstone* v. *Dole,* 184 Iowa, 1340, 167 N. W. 639; Berry on Automobiles, 4th ed., sec. 327, and numerous cases there cited.)

If a correct statement of the law, as we hold, the offered instruction, if applicable, should have been given. Counsel for plaintiff contend there is nothing in the evidence to justify it and that, therefore, it is not applicable. In that, we think counsel mistaken. There was much testimony about the intersection of Main and Grand Streets. When plaintiff was testifying, he repeatedly referred to white lines across Main Street, at Grand. He referred to them as a crossing. He referred to the crossing as the Grand Street crossing, the crossing at Main and Grand. He said the crossing was much used by pedestrians; was commonly used by pedestrians. A reasonable inference from his testimony is that it was a crossing for pedestrians and that he knew it was for pedestrians. He did not use the crossing. He started to cross the street (Main) about forty-two or forty-three feet from the crossing. He started across in the body

of the block, between crossings; at least, between street intersections and the evidence shows that, at the intersection nearest him, anyway, there was a crossing, used by pedestrians.

Section 1743, Revised Codes of 1921, subdivision 1, says: "At all turns, curves, corners and crossings, * * * vehicles must slow down and be under complete control." The junction of Main and Grand Streets makes a corner— two corners. It is a place where there is a crossing; in fact, more than one crossing. The evidence shows there was there, in Main Street, a crossing for pedestrians, commonly used by pedestrians. By the statute above quoted, at that point, all automobiles are required to "slow down" and be under complete control. Manifestly, automobilists there are required to use more caution than in mid-block or between crossings; therefore, pedestrians may use less there than when crossing mid-block or between crossings. The evidence shows not only that there was a crossing but shows that plaintiff did not use it but attempted to cross elsewhere. He attempted to cross where less care was required of defendant than at a crossing and more was required of plaintiff. Hence, the offered instruction was applicable.

The offered instruction says, in one place, "crossings are prepared especially for pedestrians." That may be considered a statement of fact but, if so, it is not necessarily beyond the province of the court nor error, if it be a fact in evidence, which is undisputed. Plaintiff testified there was, at Main and Grand Streets, a crossing, much used by pedestrians. That testimony is uncontradicted. If there be a crossing there, it must have been put there; must have been prepared. In the nature of things, it could not always have been there. If prepared, it must have been prepared for pedestrians; it could not have been prepared for anything or anybody else. Inevitably, it was prepared especially for

pedestrians. We believe, though, that statement more a statement of law than of fact.

Plainly, the spirit, intent and purpose of the offered instruction made it applicable, under the undisputed evidence. No instruction given covered the point made by it.

In the subject-matter of the remaining specifications of error, with relation to giving or refusing to give instructions, we find nothing that we deem prejudicial error but, for the refusal of the trial court to give defendant's offered instruction numbered 3, above referred to, we hold the judgment should be reversed and the cause remanded for a new trial.

We find nothing in plaintiff's cross-assignments of error that cures the error to which we have alluded but, inasmuch as the cause is to be remanded for a new trial, we are constrained to give attention to some of plaintiff's cross-assignments.

One of them is based on the ruling of the court in allow-
[7, 8] ing defendant, for a further answer and second separate defense, to plead section 20 of Ordinance No. 1084 of the city of Helena; and another is based on the ruling in permitting section 20 of the ordinance to be introduced, by defendant, in evidence.

As plaintiff's complaint was drawn, it was proper for defendant to plead and prove section 20 of the ordinance, in order to inform the court of it—bring it to the attention of the court—so as to show the city of Helena had exercised the privilege conferred upon it by the legislature and had legislated, upon the subject of regulation, within the city limits, of speed and traffic of vehicles and that the city ordinance and not the statute of Montana, as to such speed and traffic, applied to defendant, as we are of the opinion, in this case. Courts cannot take judicial cognizance of city ordinances. (28 Cyc. 383.) Had plaintiff brought his case upon the theory and pleaded that defendant was restricted, on business streets, to twelve miles an hour, as provided

by ordinance, instead of on the theory that he was restricted by statute to six miles an hour and clearing the car by eight feet, it would not have been proper for defendant to plead and prove section 20 of the ordinance, for defendant did not pass the street-car on the side to which that section relates.

With regard to plaintiff's objection to defendant's offered instruction numbered 1, given as the court's No. 12, which is the subject of a cross-assignment, we hold to the same effect. Had plaintiff brought his case upon the theory that defendant was restricted to twelve miles an hour, by ordinance, instead of six miles, with a clearance of eight feet, by statute, the instruction would have been neither necessary nor proper. However, under the state of the pleadings in the case, it was proper and necessary to give the instruction.

Objection is made, by cross-assignment, to the giving of defendant's offered instruction numbered 2, given as the court's No. 13, but we think the objection without merit. In our view, the instruction is a correct statement of law and applicable.

Plaintiff, by cross-assignment, complains of the action of [9] the court in overruling plaintiff's objection to defendant's offered instruction numbered 5, given as the court's No. 15. That instruction, before being given, we think, should have been added to, so as to state that a pedestrian has a right to cross a street at any place, provided, in so doing, he shall use ordinary caution, under the conditions as they exist. Such right of a pedestrian was not declared in any instruction given.

Plaintiff, by cross-assignment, raises the question of whether [10] subdivision 4 of section 1743, Revised Codes of 1921, or section 19 of Ordinance No. 1084, city of Helena, governs, in the city of Helena, the operation of an automobile, when passing a standing street-car, on the side opposite to the one on which passengers are discharged and received.

That is an important question in this case. We have given careful perusal of all of the authorities upon that point, cited by counsel on either side of the case and many more. Some of the authorities cited by each, counsel for plaintiff and counsel for defendant, are inapplicable. California has a constitutional provision, in that respect, which Montana does not have and, on that account, some of the California authorities cited by counsel for plaintiff, in a measure, are not applicable. Some of the cases cited by counsel for defendant relate to state laws giving cities "exclusive" jurisdiction in certain matters. We discard them. A careful study of all the authorities cited or found and which are applicable shows the plain weight of authority to hold that the provisions of the city ordinance govern.

Section 1742, Revised Codes of 1921, regarding operation of vehicles, has a proviso "that cities and towns may, by ordinance, regulate speed and traffic upon the streets within the incorporated limits." That is a delegation of legislative authority. It is, in effect, a charter or an addition to a charter. Ordinances enacted by virtue thereof have the force of statutes and, when there may be conflict between such an ordinance and a state statute, the ordinance prevails, so long as the legislative delegation of authority may be unrepealed. (2 McQuillin on Municipal Corporations, 1803.) By that proviso, the Montana legislature gave the city of Helena power to regulate, within the city limits, speed and traffic, if it might see fit to do so; otherwise, all regulatory Acts of the legislature to prevail therein.

Section 1743, Revised Codes of 1921, enacts certain general vehicular regulations, applicable alike to city and country, including provisions for keeping to the right, "slowing down" at crossings and the like. Among the regulations, subdivision 4 provides that no motor vehicle shall pass a standing street-car at a less distance than eight feet nor at a speed greater than six miles per hour. The city of Helena has seen fit, by virtue of the authority conferred upon it, to enter the legis-

lative field, in that respect, and enact an ordinance to regulate, within its limits, speed and traffic.

We do not want to be understood as holding that the general state regulations are not applicable where the city ordinance does not speak, but we hold, where it speaks, within the scope of the delegated authority, it controls.

The city undertook to regulate, within its limits, speed of automobiles. By ordinance (1084) it declared that automo-
[11] biles must not be driven, on business streets, faster than twelve miles an hour; that, when passing a standing street-car, on the side on which passengers are discharged and received, an automobile must stop. It undertook to regulate the passing, by automobiles, of standing street-cars. It entered that domain. By providing for stopping on one side and not on the other, it inevitably allows automobiles to continue to run on the other side but, if on a business street, at no greater speed than twelve miles per hour, the speed limit on business streets, and with no requirement as to a clear space. The city having entered that domain, it is its exclusive domain, in that particular, and the city ordinance is the rule of action. This was evidently the legislative intent. When the city speaks, within its delegated sphere, it knows better its needs than does the state. This view is upheld by ample authority and the weight of authority. (*Westgate* v. *Carr*, 43 Ill. 450; *Brackett* v. *People*, 72 Ill. 503; *State* v. *Clarke*, 25 N. J. L. 54; *State* v. *Town of Morristown*, 33 N. J. L. 57; *Spear* v. *Ward*, 199 Ala. 105, 74 South. 27; *Dowdell* v. *Beasley*, 17 Ala. App. 100, 82 South. 40; *Whithead* v. *City of Vienna*, 10 Ga. App. 337; *Barhite* v. *Home Tel. Co.*, 63 N. Y. Supp. 659; *People* v. *Untemeyer*, 138 N. Y. Supp. 334; *People* v. *Thompson*, 187 N. Y. Supp. 395; *City of Glenn Falls* v. *Chapin*, 203 N. Y. Supp. 385; *Bates* v. *Com. Realty Co.*, 306 Mo. 312, 267 S. W. 641; *Willis* v. *City of Fort Smith*, 121 Ark. 606, 182 S. W. 275; *City of Pine Bluff* v. *Arkansas Trav. Bus. Co.* (Ark.), 285 S. W. 375; *Jeffery* v. *Smith*, 63

Or. 514, 128 Pac. 822; McQuillin on Municipal Ordinances, 343; 2 McQuillin on Municipal Corporations, 1803.)

The precise question does not appear to have been decided before by this court and Montana cases cited by counsel for plaintiff do not seem to be in point. *State ex rel. Rocky Mt. Bell Tel. Co.. v. Mayor of City of Red Lodge,* 30 Mont. 338, 76 Pac. 758, cited by counsel for plaintiff, holds that the city of Red Lodge was empowered, by legislative authority, to regulate but not to prohibit the erection of telephone poles on its streets. That is not in conflict with this opinion. We hold the city of Helena has the power to regulate but not to prohibit speed and traffic on its streets. Other Montana cases cited are equally inapplicable.

We hold that defendant, in passing the standing street-car, was entitled to move at not more than twelve miles an hour and was not required to clear the car by a space of eight feet. However, he was not absolved from that degree of care and caution to which the law holds him. If, in passing, he was guilty of negligence in any of the particulars alleged and recognized by the law and if plaintiff was not guilty of contributory negligence, defendant is liable in damages to plaintiff. This is a matter to be passed upon by a jury, subject to proper instructions as to the law.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.

Rehearing denied March 18, 1927.