In the Matter of the Application of ALPHUS A. CHAPIN, Respondent, for a Mandamu Order against JAMES J. HOGAN, as Inspector of Plumbing of the City of Glens Falls, Appellant.

Third Department, January 17, 1924.

Municipal corporations — mandamus to compel inspector of plumbing of city of Glens Falls to examine and approve or reject plans — inspector refused to act on application on ground that respondent was not licensed master plumber under General City Law, § 45 — master plumber only is required to secure license — ground of refusal to act on application is untenable — respondent, who with owner of building signed application, is injured party and entitled to maintain mandamus — respondent's rights not affected by ordinances passed by common council and board of health after plans were filed — duty of board of health to approve plans is non-delegatory — mandamus properly directed against inspector who, by rules of board of health, had duty of making preliminary inspection.

In a proceeding to compel the plumbing inspector of the city of Glens Falls to examine and approve or reject certain plans and specifications for plumbing work filed by the respondent in the office of the board of health, the refusal of the inspector to act upon the application was not justified upon the ground that the respondent was not a licensed master plumber of the city of Glens Falls and, therefore, could not execute the plumbing work because of the prohibitions of section 45 of the General City Law and of section 13 of the ordinances of the board of health and the examining board of plumbers of said city, since said prohibitions relate only to master or employing plumbers and there is nothing in the proceeding to show that the respondent intended to employ others in doing the work called for by the plans.

The respondent is the injured party and entitled to avail himself of the remedy by mandamus, since there is no evidence that he did not prepare the plans, and it appears that he, in connection with the owner of the building, signed the application for the permit agreeing to cause the work to be done, and, under the circumstances, it cannot be held that the respondent is a mere volunteer.

The respondent's rights have not been affected by the ordinances passed by the common council and the board of health of said city after the filing of the plans by the respondent, since those ordinances were expressly made to apply prospectively.

The proceeding was properly directed against the inspector of plumbing, for, though the duty of approving, finally, the plans for plumbing rests in the board of health, and is a duty that cannot be delegated, it appears that under the rules of the board of health a preliminary inspection and approval or rejection was required by the inspector, and, therefore, the respondent had the right to compel the inspector, by mandamus, to examine and approve or reject the plans filed, where the only reason for his refusal to act was that the respondent was not a licensed master plumber.

The inspector having refused to act on the plans on one ground cannot, by amending his answer, set up that the plans did not comply with the regulations and thereby impose costs upon the respondent in this proceeding, which was brought in good faith to test the validity of the original ground of refusal.

APPEAL by the defendant, James J. Hogan, as inspector, etc., from a peremptory mandamus order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of Warren on the 14th day of August, 1923, commanding him to examine and approve or reject certain plans and specifications for plumbing work filed by the respondent in the office of the board of health of the city of Glens Falls on the 25th day of April, 1923.

*Henry W. Williams*, for the appellant.

*Jenkins & Barker* [*John H. Barker* of counsel], for the respondent.

HINMAN, J.:

The relator has not been licensed as an employing or master plumber in the city of Glens Falls. He does plumbing in said city, however, and holds himself out to the public as authorized to do it. He filed with the appellant plans for certain plumbing work which he proposed to do in a certain building in said city. Appellant refused to act upon his application upon the ground that the respondent was not a licensed master plumber of the city of Glens Falls and, therefore, could not execute the plumbing work which the plans called for, because of the claimed prohibitions of the General City Law (§ 45) and of section 13 of the ordinances of the board of health and the examining board of plumbers of said city, which ordinances were adopted May 8, 1911. The Court of Appeals in construing that provision (Laws of 1892, chap. 602) said: " This act does not restrain individuals from

working as plumbers. It restrains persons from engaging in the business of master or employing plumbers" unless licensed; that is, "the restriction is upon their employing men to work for them" as plumbers. (*People ex rel. Nechamcus* v. *Warden, etc.*, 144 N. Y. 529, 534, 537.) The ordinance in question relates only to the making of drain or sewer connections by no one but a licensed master plumber. It is conceivable that the respondent might have been lawfully employed to do this plumbing work. The presumption is that he would undertake it, if at all, in a lawful manner. It does not appear that he intended to employ others in doing the work and the application expressly provided for a subsequent application to obtain the necessary permits for street openings, sewer and water connections. The ground of appellant's refusal to act upon the application, by either approving or rejecting the plans, was untenable and constituted an arbitrary act.

The appellant now contends, however, that mandamus is not available to this respondent, because he is not the injured party; that the only party in interest is the owner of the property. In the absence of proof to the contrary the reasonable inference is that the respondent prepared the plans. The opinion below has set forth persuasive reasons for considering the respondent a party in interest. A further reason occurs to us. The plumbing covered by the plans is to be executed. The respondent as plumber and Edward Dee as owner signed the application for the permit. Both of them agree therein "to cause the work to be done." They used application blanks furnished by the board of health. The form of the application contemplates that the plumber shall be a party to it. Since it appears that the work is to be done and that the respondent as plumber and Edward Dee as owner agreed to cause it to be done, sufficient appears *prima facie* showing the interest of both or either to have the permit issued. The inference that respondent is a mere meddler or volunteer is inconsistent with any common sense view of the facts shown.

It is clear also that the respondent's rights have not been affected by the ordinances passed by the common council and the board of health since the filing of the plans by the respondent. Those ordinances were expressly made to apply prospectively.

This brings us to a consideration of the only question raised by the appellant which in our judgment has not been satisfactorily disposed of by the learned justice at Special Term. The contention is that the respondent has not directed the proceeding against the proper party; that the proceeding should have been against the board of health and not against the plumbing inspector. The charter of the city of Glens Falls (Laws of 1908, chap. 29, § 106) pro-

vides that no plumbing shall be installed until the plans therefor have been filed with and "approved by the board of health." It is suggested by the respondent that section 53 of the General City Law furnishes concurrent authority on the subject by permitting the making of rules in conflict with "existing" statutes and by providing that in the event of such conflict the rules shall govern. The charter provision (Laws of 1908, chap. 29) was not, however, an "existing" statute at the time section 53 of the General City Law was enacted. (Laws of 1892, chap. 602, § 11, as revised by former General City Law [Gen. Laws, chap. 22; Laws of 1900, chap. 327], § 53.) Chapter 26 of the Laws of 1909 (present General City Law) is one of the Consolidated Laws and, therefore, did not modify the charter provisions. For the purpose of determining the effect of any of the provisions of the Consolidated Laws on any special law theretofore enacted, the several provisions of such Consolidated Laws are not to be considered as having been enacted or re-enacted by the Legislature at the time of the passage of the Consolidated Laws, but as having been enacted as of the dates of their previous enactment, amendment or re-enactment. (Laws of 1909, chap. 596.) Moreover, we interpret the exception clause at the end of section 53 of the General City Law as relating to the execution of the plans rather than as conferring jurisdiction to make a rule in conflict with the "existing" statutes as to filing plans with and obtaining their approval by the board of health.

It is further suggested by the respondent that under section 49 of the General City Law, which specifies the duties of the inspector of plumbing, such inspector is required to perform such duties as may be enjoined or required by the board of health; and that the board of health in conjunction with the examining board of plumbers provided rules in 1911, which are still in force, requiring the examination and the approval or rejection of plumbing plans by the inspector of plumbing. The question arises, however, whether the duty to approve such plans is a ministerial duty which can be delegated by the board of health. (*City of Hudson* v. *Flemming,* 139 App. Div. 327.) The court below has answered this question in the affirmative. He has concluded that in the adoption of a code of fixed rules to which plans and specifications must conform, and in leaving the carrying out of the rules to the inspector of plumbing, the board of health performed its full duty, because in applying the rules there was no exercise of discretion by the inspector. In this we think there was an erroneous assumption. The board of health had the power to adopt rules relating to plumbing. (Laws of 1908, chap. 29, § 107.) It could act in con-

junction with the examining board of plumbers in making rules. (General City Law, § 53; Id. § 44, subd. 3.) It does not follow, however, that the rules must be of such a character as to leave nothing to judgment and discretion in the approval of plans. The record does not disclose to us what the rules are that have been adopted in Glens Falls, with the exception of rule 1, which requires the approval of plans by the inspector of plumbing before the work is commenced, and rule 6, which makes it the duty of such inspector to examine and approve or reject plans. We are thus unable to say that the duty of the inspector is the mere application of technical skill to determine whether plans conform or not to rigid and fixed requirements of rules and involves no exercise of discretion. Moreover, it seems to us that the interpretation of rules and the determination whether or not certain plans are in compliance with those rules usually involve some exercise of judgment and discretion, which cannot be delegated. We must assume that the duty laid by the charter upon the board of health was a non-delegatory duty. That is no reason, however, for reversing this order. The mere fact that the board of health must approve these plans before the work can be done does not mean that such board cannot by rule provide for a preliminary approval by the inspector of plumbing, to advise the board as to whether the technical requirements of the rules have been met. The corporation counsel states that he has consistently advised the board of health that the law requires plumbing plans to be approved by it. We may assume that the board has followed the advice of its legal adviser. He does not say that he has advised the board to rescind its rule requiring approval by the inspector of plumbing. The inspector must obey the rule, still in force, which requires that plans shall meet with his approval. There is nothing to prevent the board of health from so construing its rules that, if this application had been originally brought against the board, it could have urged its right to make rules having the force and effect of law conditioning its own approval upon a preliminary approval by a technically equipped public officer like the inspector. The order simply requires the appellant to " examine, and approve or reject." It does not order him to act in any. particular way. It is not inconsistent with a further duty to be performed by the board of health before complete relief can be obtained. The inspector refused to act simply because respondent was not a licensed plumber. Respondent petitioned for mandamus. The appellant answered that the above was his ground of refusal. Subsequently the appellant amended his answer by setting up that the plans did not comply with the regulations and indicating that he would reject them on the merits. Perhaps he will reject

them, but we think the respondent should not thus be penalized by being required to pay the costs of this proceeding which in good faith was brought to test whether the original ground of refusal was sound or unsound. The examination of the plans by the inspector evidently took place after he had arbitrarily refused to examine them and after he had been brought into court to test the validity of his refusal. For all these reasons we think the order appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.