CITY OF GLENS FALLS, Appellant, *v.* ALPHUS A. CHAPIN, Respondent.

Third Department, March 5, 1924.

Municipal corporations — action to recover penalty for violation of §§ 106 and 107 of Glens Falls charter based on failure to have plans for plumbing approved — said sections do not apply to ordinary repairs — charter is in force and controls over General City Law.

The complaint in an action to recover a penalty under sections 106 and 107 of the charter of the city of Glens Falls (Laws of 1908, chap. 29), based on the failure of the defendant to have plans for plumbing approved, as required by said sections, was properly dismissed upon the merits, where it appears that the plumbing done by the defendant without approval consisted of making minor repairs and small changes in the plumbing system in his house.

*It seems,* that the charter (Laws of 1908, chap. 29) is still in force and that while it is to be read with the General City Law, enacted in 1909, it controls.

APPEAL by the plaintiff, City of Glens Falls, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Warren on the 13th day of August, 1923, dismissing the complaint upon the merits.

*Howard J. Bush,* for the appellant.

*Jenkins & Barker* [*John H. Barker* of counsel], for the respondent.

VAN KIRK, J.:

Two causes of action are stated in the complaint. Each is to recover the penalty of $100 under sections 106 and 107 of chapter 29 of the Laws of 1908, which is the charter of the city of Glens Falls. No other cause of action is stated.

So far as material section 106 provides: "After said board of health is appointed, no plumbing shall be placed in any house, business structure or building, until the plans for same shall have been filed with and approved by the board of health." And section 107 provides: "Any plumber or contractor who shall put in any plumbing in the city of Glens Falls, before his plans have been approved by the board of health, as herein provided, shall forfeit to the city the sum of one hundred dollars for each and every offense." By section 108 of the same act it is provided: "After the passage of this act, the provisions of this article [§§ 106, 107] shall apply and refer to any extensions, alterations, or additions to the plumbing in any building, structure, or dwelling within the city limits." There is no mention here of ordinary repairs, or of minor changes requiring attention because of some urgent and immediate necessity.

The trial court has found that in each cause of action the work done did not amount to an extension, alteration or addition to the plumbing or to a putting in, or placing, of plumbing, within the meaning of the charter. We think this finding is justified.

Regulations by statute for the installation of plumbing are made in the interest of, and for the preservation of, health. The statute must have a reasonable construction. The restrictions in the charter do not apply to minor repairs, or to such small changes as may be necessary in putting in a new bath tub or toilet seat, each to be connected with the pipes and parts of the plumbing already in the building. Such changes in no wise modify in any essential or material respect the plan, which, being in, presumably has been approved; and in no degree do they jeopardize health. A householder must be permitted to make minor repairs without filing plans. For example, he may change a faucet; or, if a pipe freezes and bursts, he may replace it. In like manner, as was done in one of the instances complained of here, he may put a new floor in his bath room without incurring a penalty, even though this requires some lengthening of pipes because the new floor is thicker or is a hardwood floor laid on the old floor, and even though, before doing this, he does not file new plans. The trap under the bath tub, on which stress is laid, is simply a bend or loop in the discharge pipe, from which the water will not pass, thus providing a bar against sewer or waste gases.

In the other instance the toilet would not flush because of a sagging pipe in which a vacuum formed. The repair made was simply to connect with a small pipe the waste pipe where the vacuum formed with a vent pipe already in the building.

It seems that the charter is still in full force. (Laws of 1909, chap. 596.) While the charter (Laws of 1908, chap. 29) is to be read with the General City Law, enacted in 1909, whenever there is a conflict the charter controls. But for the disposition of this case we do not find it necessary to express an opinion whether the rules adopted under the General City Law are valid further than we have already held in *Matter of Chapin* v. *Hogan* (208 App. Div. 56).

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.