THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD J. STEPSKI, Relator, *v.* HOWARD HARFORD, Sheriff of Orange County, New York, Defendant.*

Supreme Court, Orange County, July 9, 1940.

---

\* See, also, *People* v. *Stepski* (174 Misc. 1080).

*William F. Stanton* and *Michael Moses,* for the relator.

*Raphael A. Egan, Corporation Counsel,* for the defendant.

WITSCHIEF, J. This writ of habeas corpus originally returnable in the County Court has been transferred to the Supreme Court informally and a ruling requested as to the constitutionality of section 7–14.4 of the Plumbing Code of City of Newburgh, which provides that only licensed plumbers will be permitted to alter, repair or make connections to any part of the plumbing system. No other question has been considered or is decided. The Plumbing Code is not an ordinance adopted by the city council but a code adopted by the board of health and the board of plumbers and plumbing under the authority of article 4 of the General City Law. That article is a substantial re-enactment of chapter 602 of the Laws of 1892, the constitutionality of which was upheld in *People ex rel. Nechamcus* v. *Warden* (144 N. Y. 529). If article 4 of the General City Law does not differ materially from chapter 602 of the Laws of 1892, the disposition of this case is controlled by the *Nechamcus* case because it was held in the *Nechamcus* case that the 1892 law applied only to an employing plumber, and did not affect an individual who personally undertook to do plumbing work. The *Nechamcus* case was followed in *Matter of Chapin* v. *Hogan* (208 App. Div. 56). The powers and duties of the examining board of plumbers are stated in section 44 of the General City Law, and especially in subdivision 2 of that section, which gives the examining board of plumbers jurisdiction over and the power to examine all persons intending to engage in the business of plumbing as employing plumbers. Subdivision 2 of section 44 of the General City Law has not been amended since its enactment, from which it follows that the only power of the local board is to examine persons intending to engage in the business of plumbing as employing plumbers. Strange as it may seem that the Legislature could have intended to authorize the local board to license one engaged in the plumbing business only in case he employs others in connection with his business, yet that is what the Legislature has done. Of course, that was not the evil at which the Legislature must have been aiming. The employment of men to work in the plumbing business is not an evil at all. The evil consists in the possibility that the work may be improperly done by incompetent men having no ability and no responsibility with resulting damage to the public health. Unless the amendment of section 53 of the General City Law in 1929 evidences a change in the legislative intent, it is evident that the local board lacked power to adopt section 7–14.4 of the Plumbing Code, which provides that none but

licensed master plumbers will be permitted to alter, repair or make connections to any part of the plumbing system, without regard to whether they are employing plumbers or not, whereas the only power conferred upon the local board relates to employing plumbers. By amendment of section 53 of the General City Law in 1929 the plumbing and drainage of all buildings was required not only to be executed in accordance with the rules and regulations of the local board, but by persons authorized under the rules and regulations of the local board. The only persons whom the local board has power to authorize are those specified in section 44 of the General City Law, namely, those intending to engage in the plumbing business as employing plumbers. If the Legislature had intended to add to the powers of the local board, it would be natural to expect that the change would appear in section 44 of the General City Law which prescribes the powers and duties of the local board. Since the only persons whom the local board has power to authorize to do plumbing work are employing plumbers, the construction placed on section 53 of the General City Law by the respondents in this proceeding would make that section unconstitutional, because then that section would provide that the plumbing of buildings shall be performed only by employing plumbers; in other words, that an individual, although thoroughly competent, could not do plumbing work unless he employed others to work with him or for him. It is difficult to determine what result the amendment of section 53 was intended to effect, but it could not be the result relied upon by the respondents. It follows that it was beyond the power of the local board to adopt section 7–14.4 of the Plumbing Code and that such section is void and affords no basis for prosecution; hence that the writ must be sustained and the relator discharged.