OLIN R. MOYLE, Respondent, v. JOSEPH F. RUTHERFORD and Others, Appellants.— Action to recover damages for libel. Order denying defendants' motion to dismiss the complaint under rule 106, Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. (See Seelman " The Law of Libel and Slander in the State of New York," ¶¶ 18 and 21.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

CAROLINE A. PERRIN, Appellant, v. ARTHUR K. PERRIN, Respondent.— In an action for separation, plaintiff appeals from an order denying her application for temporary alimony and counsel fee. Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, without costs, to the extent of awarding appellant $100 counsel fee, to be paid on the day of the commencement of the trial of the action. The appellant is entitled to the means to defend herself against the charges contained in the counterclaim. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Appellant, v. HOWARD E. TOWNSEND and Others, Together Constituting the Board of Assessors and the Board of Review of the Town of Greenburgh, and NORMAN C. TEMPLETON, Town Clerk of the Town of Greenburgh, Respondents — Order confirming report of referee and fixing assessments, in so far as appealed from, reversed on the facts, with fifty dollars costs and disbursements, confirmation of assessment of property known as lots 18 and 20, sheet 6, block 413, is struck therefrom and matter remitted to Special Term for rehearing and determination. Findings of fact Third and Fourth, in so far as they relate to lots 18 and 20, and the Sixth finding of fact, and conclusions of law Fourth and Sixth are reversed and disallowed. The determination that the assessment of $88,000 did not constitute an overvaluation was against the weight of the credible evidence. The undisputed proof was that there had been an actual loss for the year preceding the fixation of the assessment. An arithmetical computation based upon the showing of reasonable rents to be derived from the property would disclose a net income which, if capitalized, would result in a valuation substantially less than the amount of the assessment. This is one of the important elements to be considered, but there are others. The proof was conclusive that the suggested use of the property for apartment house purposes was impracticable. One of respondents' expert witnesses testified that the property was worth $9,000 less than the assessment, and that the village assessment is $25,000 less than this assessment. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. [See post, p. 985.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD J. STEPSKI, Respondent, v. HOWARD HARFORD, as Sheriff of Orange County, Appellant. THE PEOPLE OF THE STATE OF NEW YORK by HENRY HIRSCHBERG, as District Attorney of Orange County, Appellant.— Order sustaining writ of habeas corpus and discharging the respondent from custody affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. [174 Misc. 1082.]