Peter S. Blodgett, Esq. Assistant Corporation Counsel, Watertown
You have informed us that the City of Watertown has adopted the provisions of section 44 of the General City Law, setting forth the powers and duties of an examining board of plumbers to control through certificates of competency, persons permitted to engage in the business of plumbing. You are concerned about two opinions issued by this office (Nos. 81-127 and 82-69), construing the provisions of Article 4 of the General City Law and concluding that private property owners and landlords who do their own plumbing in the houses they own are exempt from the certification requirements. You question whether there is any way that this gap can be closed.
In the above-cited opinions, we examined section 45 of the General City Law, prohibiting a person from conducting the "trade, business or calling of a plumber or of plumbing in a city of this state as employing or master plumber" unless he has obtained a certificate of competency from the city's examining board of plumbers (Op Atty Gen Nos. 81-127, 82-69). We noted that the term "employing or master plumber" is defined as a person having a regular place of business and who, by himself or through journeymen plumbers in his employ, performs plumbing work (ibid.; General City Law, § 40). Under this definition, home owners doing plumbing work in their own homes and landlords performing plumbing work in structures they own are not "employing or master plumbers" engaged in the trade of plumbing (ibid.).
In the above-cited opinions, however, we did not consider whether a city might require that all installations and repairs be performed by a certified employing or master plumber. This question was considered by the Court of Appeals in People ex rel. Stepski v Harford, 286 N.Y. 477
[1941]). The City of Newburgh permitted only licensed master plumbers to alter, repair or make connections to any part of the plumbing system (id., p 479). The question was whether this was a valid exercise of the police power by the city. The Court of Appeals cited language in section53 of the General City Law, which remains the same today (id.,
pp 480-481).
 "The plumbing and drainage of all buildings, both public and private, in each of the cities of this state, shall be performed by persons authorized under the rules and regulations adopted by the local board of examining plumbers, in conjunction with the board of health for plumbing and drainage, and all plumbing and drainage work shall be executed in compliance with such rules and regulations. And all repairs and alterations in the plumbing and drainage of all buildings heretofore constructed shall also be performed and executed in accordance with such rules and regulations".
The Court noted that a 1929 amendment to section 53 added the language authorizing the local board of examining plumbers in conjunction with the board of health for plumbing and drainage to adopt rules determining who may be authorized to engage in the business of plumbing in the city (id., p 481). It was found that the City of Newburgh's regulation was within the delegation of police power by the State (id., p 483). The Court reasoned that plumbing work may be a potential source of danger to the health and safety of many persons including those outside the premises where the work is being performed (id., p 484). Thus, it is not unreasonable for city authorities to require that the responsibility for altering, repairing or making connections to any part of plumbing systems be with persons who have proved their competency and reliability (id., pp 484-485). "We know of no trade, business or calling in the community which more vitally affects the public health and safety of city dwellers than that of plumbing" (id., p. 485).
We note, however, that minor repairs which do not jeopardize the public health may be made by an unlicensed property owner (City of Glens Falls vChapin, 208 App. Div. 238, 239 [3d Dept, 1924]). Because minor repairs do not threaten the public health, safety and welfare, it was determined that a city charter provision requiring the approval of plumbing plans could not reasonably be applied to such repairs (ibid.).
We conclude that, except for minor repairs, a city may provide that only licensed plumbers may alter, repair or make connections to any part of a plumbing system in the city.