Kaiser v. State of New Hampshire     CV-96-207-M    07/22/96
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Wolfgang W. Kaiser,
      Plaintiff,

      v.                                      Civil No. 96-207-M

State of New Hampshire,
      Defendant.


                           O R D E R


      Fairly read, plaintiff's complaint alleges that he and his
wife own a tract of land in New Hampshire on which he is building
a retirement home; he wishes to plumb the retirement home
himself, but believes (or has been told by someone) that New
Hampshire's law regulating plumbers and plumbing precludes him
from doing so.  Accordingly, he has filed suit against the State
of New Hampshire seeking to have the law (N.H. Rev. Stat. Ann.
Ch. (hereafter "RSA") 329-A) declared unconstitutional.

      It is not at all obvious that New Hampshire's law does
prohibit plaintiff from doing the plumbing work himself.  See
e.g. RSA 329-A:13, IV (exempting from regulation "an owner or his
agent who installs, repairs or replaces plumbing in his own
residence or any owner or his agent who makes minor
installations, repairs or replacements to property owned by him."

(emphasis added))  But that issue, correct interpretation of the language, is not properly raised in this case.  If indeed plaintiff has been officially advised that he cannot plumb his intended residence, the matter is probably ripe for presentation to a state court with jurisdiction to resolve the dispute by construing the statutory language.

Here, however, the plaintiff's assertion that the regulatory scheme is Constitutionally deficient on its face is without merit, whether RSA Ch. 329-A, properly construed, does or does not prohibit plaintiff, as an unlicensed person, from plumbing his own residence.  Due process requirements of the United States Constitution are violated by licensing legislation only where the legislation is so unreasonable or extravagant as to arbitrarily and unnecessarily interfere with, or destroy, personal property rights.  See e.g. Smith v. Texas, 233 U.S. 630, 636-37 (1914); Engel v. O'Malley, 219 U.S. 128 (1910); Watson v. Maryland, 218 U.S. 173, 176 (1910).  It cannot be seriously argued that the state's regulation of plumbing and plumbers is arbitrary or falls outside the broad scope of its police power to regulate activities or trades, like plumbing, likely to affect public health or safety.  See e.g. People ex rel. Stepski v. Harford, 36 N.E. 2d 670 (N.Y. 1941).  Plaintiff is simply incorrect in

2

asserting that the state's regulatory scheme is either ultra vires or deprives him of a Constitutional right to engage in plumbing activity on his own property free from state interference.

Similarly, to the extent plaintiff appears to challenge a municipal regulation requiring an occupancy permit before persons may inhabit a dwelling, his arguments are equally unavailing. The state may exercise its police power in that regard because the interest at stake relates to public health and safety.

Plaintiff's complaint is, therefore, dismissed, without prejudice, for failure to state a claim upon which relief may be granted. The State's motion to dismiss (document no. 5) is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

July 22, 1996

cc:  Wolfgang W. Kaiser
     Wynn E. Arnold, Esq.